IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 30, 2018

## STATE OF TENNESSEE v. FELICIA GRAHAM

**Appeal from the Circuit Court for Blount County**
**No. C-24373 David Reed Duggan, Judge**

_____

### No. E2018-00260-CCA-R3-CD
_____

The Defendant-Appellant, Felicia Graham, appeals from the revocation of her supervised probation sentence by the Blount County Circuit Court, arguing that the trial court erred in revoking her probation and ordering her to serve the remainder of her sentence in confinement. Upon review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal) and Mack Garner, District Public Defender (at hearing) for the Defendant-Appellant, Felicia Joan Graham.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Mike L. Flynn, District Attorney General; and Tracy Jenkins, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Based on the meager record before us, the Defendant was convicted of aggravated burglary in 2016 and "sentenced to [f]our [y]ears in the Tennessee Department of Correction, suspended to time served, the balance under the supervision of State Probation and Parole."[1] On January 5, 2017, a violation report was filed alleging that the Defendant failed to provide her probation officer with proof of employment, failed to report to probation as instructed on December 8, 2016, and December 30, 2016, and failed to pay court costs and supervision fees. A warrant was subsequently issued, and

---

[1] The record does not contain the judgment of conviction. We glean this information from the probation revocation report and the transcript of the probation revocation hearing, during which the parties loosely referred to the Defendant's conviction and sentence.

the Defendant was arrested on December 19, 2017. A revocation hearing was held on January 26, 2018. In an effort to explain six convictions accrued by the Defendant while on probation, defense counsel began the hearing by clarifying that this was in fact the Defendant's first violation of probation in this case. At the time of her guilty plea to the instant offense, she had been indicted in Knox County for five unrelated charges that had not yet been served upon her. Following her arrest for these offenses on January 6, 2017, the Defendant pleaded guilty, and the judgments of conviction were admitted into evidence by the State and stipulated to by the Defendant.[2] Significantly, as relevant to the instant case, when the Defendant was arrested for the previously indicted offenses, she was in possession of a stolen automobile license and charged with an additional offense. She later entered a guilty plea to the new charge, which was also stipulated to at the hearing. Defense counsel opined that the Defendant had been continuously incarcerated since her arrest for the previously indicted offenses.

Bruce Paulson of the Probation and Parole Office testified that he maintained the Defendant's file as of May 2017. In his role as the Defendant's supervision officer, Paulson had access to her probation records and affirmed that she had previously been on probation. According to Paulson, the Defendant had three prior probation violations in other cases in 2012, 2013, and 2015. Paulson recommended that the Defendant's probation be revoked and the remainder of her sentence be served in confinement. On cross-examination, Paulson admitted that because the Defendant had been continuously incarcerated since January 6, 2017, she had not had an opportunity to report to him.

The Defendant, a thirty-two-year-old single mother of four young children, testified regarding the circumstances of the Knox County cases, the Sevier County cases, and the instant offenses, which occurred in Blount County. She conceded that when she was arrested on the Knox County cases, she was in possession of a stolen license plate, later pleaded guilty to the "misuse of a license plate," and received time served. According to the Defendant, she was incarcerated in Knox County from January to July but did "60-something extra days there" because "[t]hey had [her] paperwork messed up." The Defendant wrote to Sevier County and was then transported. Asked to explain why she was transported, the Defendant said she was transported to Sevier County for her violations because she was on probation in Sevier County "just like she was on probation in Blount County." She served the remainder of her sentence in Sevier County and came to Blount County on December 18, 2017.

If granted release, the Defendant advised the court that she would move to her father's house until she could get her own place. Her children were currently living with

---

[2] While it is clear the State intended to offer these judgments as exhibits, they are not included in the record on appeal.

a great-grandmother, but the Defendant hoped to regain custody. The Defendant testified that she had an eleventh-grade education and had work experience mainly in the fast food and factory industries. She wanted to go back to work at a factory to support her family. She admitted that she had a history of drug abuse about two years ago, but she had stopped. The Defendant said she did not think she needed counseling or treatment for drugs or alcohol. She said she used opiates for about thirteen years, and the prior probation violations were a result of the drug use. She agreed that she had violated her current probation by being in possession of a stolen license plate and said she was unable to pay court costs because she had been in jail. She understood that she still owed restitution on the aggravated burglary and said she was going to be able to pay that once released. Asked if there was anything else the court needed to know before a sentence was pronounced, the Defendant responded that her children's brother had leukemia and that they could not go see him unless she was able to take them, so she would like to be able to do that.

On cross-examination, the Defendant conceded that she had a prior criminal history and that she had previously violated probation in 2012 for a positive drug screen, in 2013 for new charges, and in 2015 for failing to report. Asked if she was in possession of opiates when arrested on January 6, 2017, the Defendant said "it was Mucinex. They said it was opiates. They was (sic) supposed to have done a drug test on it. And I don't know what happened with it. They never brought the drug test reports where they had tested it." The Defendant said she had previously received drug treatment in 2014, when she participated in outpatient treatment.

At the conclusion of proof, the trial court made the following findings:

Well, first of all, I'm going to find that she's engaged in a material violation of the terms of her probation but I'm going to divvy this up a little bit because -- now, maybe you all addressed this and I was thinking about something and missed it. I don't think there was any proof on failure to provide proof of employment. I am going to find failure to report. Now, there might not have been any specific proof about December 8 and December 30 of 2016, but the officer testified that he has never seen her --

. . . .

-- that she's never reported. So I think that's sufficient to find failure to report. There was some proof on cross examination -- or maybe it was on Defendant's direct examination about restitution. But I don't remember any proof on court costs and supervision fees. I meant to ask the Clerk while we were still on the evidentiary hearing to give me a status on

cost, but I forgot to do that. So I don't remember any proof so I'm not going to find a violation on that although I'm sure she hasn't paid. But I'm not going to find that as a basis for violation. I'm going to find failure to report.

And then turning to the amendment, obviously the amendment alleges that she was arrested and charged with certain things.[3] We have stipulations that she pled guilty to certain things. And it may be that she pled guilty to something other than what she was charged with. So I don't know that I can go down the list of charges in the amended order and know whether that's something you had stipulated or not. You stipulated a bunch of things on January 6th of 2017, evading arrest, theft, assault, reckless endangerment, and possession of drug paraphernalia. But the amendment says simple possession, casual exchange, driving on a revoked license, use of stolen plate -- well it does say theft. So I think at least I can find that she violated by being charged with and pleading guilty to theft. I think I can find even on this proof that she left her county of residence on January 6th, 2017, given that she was charged and arrested in Knox county. So that's going to be another ground. I think I can also find based on those charges and arrest that she was in violation of her curfew. And -- well, I'm not going to find in the absence of any proof that she tested positive for oxycodone when she says that it was Mucinex. Now, I'm skeptical of that, Ms. Graham, but nevertheless, in the absence of a drug screen or report I'm not going to find that. But I am finding the violation that I have said. So, obviously, there has been a material violation of the terms of her probation.

Next I want to say that even though there have been no previous violations in this case, it is clear from this evidence that she has a history of violation, of failing to do what the Court has directed her to do. I don't know whether she has a drug problem or not. And in one sense I'm not too concerned about that. Now, that doesn't mean I don't care if you have a drug problem. That's not what I mean. What I do mean is I don't know whether you have a drug problem or not. Maybe you do, but I don't know. But I'm very skeptical of you testifying that you pled guilty to offenses you didn't commit. If you didn't commit them, you shouldn't have pled guilty. You know, that calls into question your credibility to me and failing to take responsibility for these things. So I'm taking that into consideration too in deciding what to do about this.

---

[3] There is no amendment included in the appellate record.

I am going to revoke you to serve. However, I am going to give you credit for time served from whatever that date is in July through today, January 26, 2018. And let's see if we can pin that down and you can tender it to the Court by agreed order.

It is from this order that the Defendant now timely appeals.

## ANALYSIS

On appeal, the Defendant argues that the trial court erred in revoking her probation and imposing confinement for the balance of the sentence based upon the evidence contained in the record. The State responds, and we agree, that the trial court did not abuse its discretion in fully revoking the Defendant's probation.

A trial court may revoke probation upon a finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e). This court will not disturb the trial court's ruling absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, the defendant must show "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Harkins, 811 S.W.2d at 82 (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Once the trial court decides to revoke a defendant's probation, it may (1) order confinement; (2) order the sentence into execution as initially entered, or, in other words, begin the probationary sentence anew; (3) return the defendant to probation on modified conditions as necessary; or (4) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); State v. Larry Lee Robertson, No. M2012-02128-CCA-R3-CD, 2013 WL 1136588, at *2 (Tenn. Crim. App. Mar. 19, 2013); State v. Christopher Burress, No. E2012-00861-CCA-R3-CD, 2013 WL 1097809, at *6 (Tenn. Crim. App. Mar. 18, 2013); T.C.A. §§ 40-35-308, -310, -311 (2012).

The Defendant initially argues, and we agree, that the trial court erred in revoking her probation based on her failure to report in December 2016. After commenting on the lack of proof on the failure to report, the trial court nevertheless concluded that the Defendant had failed to report because the probation officer testified that "he ha[d] never seen her[,]" and "that she's never reported." However, the record shows that this issue was not developed in any significant way, i.e., the probation officer, who had only been supervising the Defendant's probation since May 2017, was not asked if he was assigned to supervise the Defendant during December 2016, or whether his records reflected that

- 5 -

she failed to report on the listed dates. Accordingly, there was no evidence supporting revocation on this ground.

The trial court also based the revocation order on the Defendant's failure to comply with residency requirements as well as the commission of a new offense. The Defendant contends that revocation on these grounds violated due process because they were not contained in the probation violation report. Because the Defendant raises this issue for the first time on appeal, she has waived appellate review, absent plain error. In order for us to find plain error: (a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is "'necessary to do substantial justice.'" State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). The presence of all five factors must be established by the record before we will recognize the existence of plain error, and complete consideration of all the factors is not necessary when it is clear from the record that at least one factor cannot be established. Id. at 283.

Indeed, the revocation of probation based on grounds not alleged and noticed to the defendant is a violation of due process. See State v. Chad Allen Conyers, No. E2004-00360-CCA-R3CD, 2005 WL 551940, at *4 (Tenn. Crim. App. Mar. 9, 2005) (internal citations omitted). The record clearly shows that the allegations relied upon by the trial court were not included in the probation violation report or the warrant. However, the record does not show the circumstances of the "amendment" repeatedly referenced by the trial court in its oral ruling. Moreover, the Defendant stipulated to the new conviction and conceded that it served as grounds to violate her probation during the hearing. Finally, we are unable to discern whether the Defendant waived her objection based on notice for tactical reasons. Under these circumstances, we are unable to recognize plain error. Accordingly, the Defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning and analysis, the judgment of the trial court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE